**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**



DANIEL SCHULZ, )
         )    05 C 3133
         Plaintiff, )
         )
      v. )    Judge Leinenweber
         )    Mag. Judge Mason
OXFORD MANAGEMENT )
SERVICES, INC., )    Jury Demanded
         )
         Defendant. )

## MOTION FOR ATTORNEY'S FEES AND COSTS

Plaintiff's attorneys, Edelman, Combs, Latturner & Goodwin, LLC respectfully request that this Court grant them $2,108.00 in attorney's fees and $ 319.07 in costs, pursuant to the declaration attached as <u>Appendix A</u>, and plaintiff's agreement to cut photocopying charges in half. <u>Exhibit B</u>.

In support of this motion, ECLG states:

1.     This is an individual Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") case. In the complaint, plaintiff sought $1,000 in statutory damages, plus attorney's fees and costs relating to alleged unlawful credit and collection practices engaged in by defendant Oxford Management Services, Inc. ("OMS").

2.     On June 29, 2005, defendant's attorney sent plaintiff the Rule 68 offer of judgment attached as <u>Exhibit A</u>. The offer of judgment is for "the sum of $1,000 in addition to all reasonable attorney's fees and costs as determined by the court." On July 6, 2005, plaintiff accepted the offer of judgment. On July 12, 2005, this Court entered judgment in favor of plaintiff, and directed the parties to engage in talks whereby they would agree to the amount of "reasonable attorneys' fees and costs" without Court intervention.

3.     In a good faith effort to resolve the issues of attorney's fees and costs, On July 19, 2005, plaintiff emailed counsel for defendant <u>Exhibit A</u>. This document shows that plaintiff's counsel incurred $1,003.00 in attorney's fees (calculated by the lodestar method) and

1

$341.32 in costs for this case.  Given this very low amount requested, plaintiff's attorneys believed that the fee petition would be expeditiously disposed of.  It was not.

4.      On August 4, 2005, defendant sent plaintiff Exhibit B.  Exhibit B argues that plaintiff is not entitled to any fees because "the complaint was frivolous," because, Oxford argued, there were two debts and Oxford did not know that plaintiff was represented with respect to the second debt. Defendant also challenged plaintiff's claim for $9.07 in postage, plaintiff's use of a process server ($40) and plaintiff's photocopying charges ($43.54).[1]

5.      Several minutes later, plaintiff's counsel sent defense counsel Exhibit C, which counter's defendant's argument that the complaint was frivolous.  Plaintiff's counsel also offered to cut the photocopying costs in half, but did not agree to lower the process server's cost, or the $9 postage cost.

6.      With respect to the merits of the case, defendant subsequently requested that plaintiff provide an affidavit from plaintiff demonstrating that he had no knowledge of two debts.  Plaintiff provided that affidavit.  Exhibit E.  In any event, that matter is resolved by the judgment.

7.      Despite multiple communications from plaintiff requesting such, defendant had not indicated whether it would pay the costs and fees requested in Exhibit C by the time this motion was filed.

8.      $1,400 for costs and fees is an extremely reasonable amount for litigation of an FDCPA case.  This amount is based on the lodestar calculation in Appendix A.  Appendix A also contains a declaration as to plaintiff's counsel's experience and information regarding previous courts' determinations of the reasonableness of plaintiff's counsel's hourly rates.

9.      Defendant has no basis for squabbling about $1,400.  If defendant believed that the complaint had no merit, it should have litigated the case.  Instead, defendant made the

---

[1] Employing a process server is a good idea, even where defendants' counsel appears likely to "accept" service.  See Belini v. Wash. Mut. Bank, FA, 412 F.3d 17 (1st Cir. 2005).

tactical decision to send a Rule 68 letter offering $1,000 plus reasonable attorney's fees and costs. After making the offer, defendant then refused to agree to pay fees and costs, and did not participate fully in Local Rule 54.3 discussions, having never substantively responded to <u>Exhibit C</u>.

10. Because of defendant's failure to cooperate in the attorney's fees and costs process, plaintiff was forced to draft and file this motion. Plaintiff's counsel therefore requests that this Court award plaintiff a total of $2,108 including the time in attempting to negotiate fees and costs and for bringing this motion and fee petition, plus any other relief the Court may deem appropriate. Plaintiff does not request additional costs. <u>Exhibit 1</u> to <u>Appendix A</u> contains an itemized list of attorney's fees and costs as of the date of this motion.

WHEREFORE, Edelman, Combs, Latturner & Goodwin, LLC respectfully request that this Court grant them $2,108.00 in attorney's fees and $ 319.07 in costs, pursuant to the petition attached as <u>Appendix A</u>, and plaintiff's agreement to cut photocopying charges in half, <u>Exhibit B</u>.

Respectfully submitted,

Alexander H. Burke

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Alexander H. Burke
EDELMAN, COMBS, LATTURNER
& GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

3

# Exhibit A

# Alex Burke

**From:**    Alex Burke [aburke@edcombs.com]
**Sent:**    Tuesday, July 19, 2005 3:41 PM
**To:**      'rpdarke@duanemorris.com'
**Subject:** Schulz v. Oxford

Richard,

Attached are our time and expense records for this case.  Please have a look and let me know if you have any objections, and if so, specifically what those objections are according to the Local Rules for the Northern District of Illinois.

Alex Burke
312-917-4517

# OXFORD MANAGEMENT V DANIEL SCHULZ

Case Number   14528      **Hourly Billings**      Prepared  Jul 19, 2005

| Date | Task | | Hours | |
|------|------|---|-------|---|
| **James O. Latturner** | | *Partner* | Hourly Rate = $ 425.00 | |
| May-24-2005 | work on complaint  OK | | 0.2 | |
| | | **Total:** | **0.2** | **$ 85.00** |
| **Alex Burke** | | *Associate* | Hourly Rate = $ 190.00 | |
| May-02-2005 | draft complaint | | 1.1 | |
| May-17-2005 | conf client, approve complaint | | 0.2 | |
| Jul-05-2005 | conf DAE re rule 68 offer | | 0.2 | |
| Jul-05-2005 | receive Rule 68 letter | | 0.1 | |
| Jul-07-2005 | conf Nahoum re Rule 68 offer | | 0.2 | |
| Jul-08-2005 | prepare acceptance for Rule 68 offer | | 0.2 | |
| Jul-08-2005 | tel conf Darke re: Rule 68 offer | | 0.2 | |
| Jul-12-2005 | court time, conf with Darke after court | | 1.0 | |
| | | **Total:** | **3.2** | **$ 608.00** |
| **Alec Smith** | | *Legal Asst* | Hourly Rate = $ 100.00 | |
| May-25-2004 | prep/file @ Fed Ct comp, lien ltr | | 1.1 | |
| May-02-2005 | open file; prep comp | | 0.1 | |
| May-24-2005 | prep comp | | 0.2 | |
| May-26-2005 | prep/file app of AHB, dock; ml comp to client; research prcss srvr; organize docs/logging/case info | | 1.0 | |
| May-27-2005 | mail sum Oxford to be served | | 0.2 | |
| Jun-03-2005 | client call re: status of case | | 0.1 | |
| Jun-16-2005 | file cert ret rec #9999; dock served/filed sum | | 0.1 | |
| Jun-21-2005 | client call re: status of case | | 0.1 | |
| Jun-30-2005 | conf Angie re: case no., dist | | 0.1 | |
| | | **Total:** | **3.0** | **$ 300.00** |
| **Jason Kunowski** | | *Legal Asst* | Hourly Rate = $ 100.00 | |
| Jul-15-2005 | Docketing | | 0.1 | |
| | | **Total:** | **0.1** | **$ 10.00** |
| | | **Grand Total:** | **6.5** | **$ 1,003.00** |

# OXFORD MANAGEMENT V DANIEL SCHULZ

**Expenses**

Case Number 14528                                     Prepared    Jul 19, 2005

| Date | Item | Expense |
|------|------|--------:|
| May 25, 2005 | Copying | $19.25 |
| May 25, 2005 | Copying | $1.00 |
| May 25, 2005 | Filing fee | $250.00 |
| May 25, 2005 | Postage | $5.29 |
| May 26, 2005 | Copying | $1.50 |
| May 26, 2005 | Copying | $1.50 |
| May 26, 2005 | Copying | $17.25 |
| May 26, 2005 | Copying | $1.25 |
| May 26, 2005 | Postage | $1.29 |
| May 27, 2005 | Copying | $0.50 |
| May 27, 2005 | Postage | $2.12 |
| May 27, 2005 | Serve summons | $40.00 |
| Jul 06, 2005 | Postage | $0.37 |

**Total Expenses:**                                              **$341.32**

# Exhibit B

**Alex Burke**

| | |
|---|---|
| **From:** | Darke, Richard P. [RPDarke@duanemorris.com] |
| **Sent:** | Thursday, August 04, 2005 10:31 AM |
| **To:** | Alex Burke |
| **Cc:** | Hirsh, Robert M.; Nahoum, Robert J. |
| **Subject:** | Schulz v. Oxford |

Alex, attached is Oxford's response to the fee request in the second Schulz matter.  Give me a call with any questions.  Thanks.  <<Objection to Fees and Costs.pdf>>

Richard P. Darke
Duane Morris LLP
227 West Monroe St.
Suite 3400
Chicago, Illinois 60606
(312) 499-6743
(312) 499-6701 (fax)

Confidentiality Notice: This electronic mail transmission is privileged and confidential and is intended only for the review of the party to whom it is addressed. If you have received this transmission in error, please immediately return it to the sender. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege.

## DANIEL SCHULZ V. OXFORD MANAGEMENT

Case Number 14528

The position of Oxford Management is that the Court should refuse to award any costs to Schulz because the complaint was frivolous. Schulz should never have filed this action for Oxford Management's actions did not, by any stretch of the imagination See *Graziano v. Harrison*, 950 F.2d 107, (3rd Cir. 1991) a violate the Fair Debt Collection and Practices Act ("FDCPA" or "Act"). (finding no violation of the FDCPA because defendant did not know plaintiff was represented by counsel with respect to the subject debt).

Here, Schulz claims Oxford Management violated the Act by demanding payment of a certain debt. Schulz claims Oxford Management knew, or should have know, Schulz was represented by counsel because Schulz sued Oxford Management in a different action currently pending before Judge Darrah, 04 C 8224. The debts involved in the case before Judge Darrah are completely separate and distinct from the debts at issue in this case. There is no evidence whatsoever that plaintiff or his attorneys ever informed Oxford Management or its counsel that they represented Schulz with respect to the debt at issue in this case.

In *Graziano v. Harrison*, the Third Circuit specifically held that a violation of the FDCPA, such as that at issue here, only occurs if the defendant knows or should know the plaintiff is represented by counsel with respect to the specific debt at issue. *Graziano v. Harrison*, 950 F.2d 107, 1113 (3rd Cir. 1991). No evidence exists that Plaintiff or his counsel ever informed Defendant or its counsel that it represented Schulz with respect to the debt at issue here. Schulz' claim is and remains unfounded and the Court should refuse to enter any award of attorneys' fees or costs. *Graziano v.*

*Harrison*, 950 F.2d at 1114 (refused to enter award under FDCPA for improper filing is appropriate).  A copy of *Graziano* is attached as Exhibit A for the Court's reference.

In the alternative, the following costs and attorneys' fees could be considered reasonable:

| Date | Item | Expense |
|------|------|---------|
| May 25, 2005 | Copying | $10.00 |
| May 25, 2005 | Copying | $1.00 |
| May 25, 2005 | Filing fee | $250.00 |
| May 25, 2005 | Postage | $0.37 |
| May 26, 2005 | Copying | $.25 |
| May 26, 2005 | Copying | $0.00 |
| May 26, 2005 | Copying | $5.00 |
| May 26, 2005 | Copying | $0.00 |
| May 26, 2005 | Postage | $0.74 |
| May 27, 2005 | Copying | $0.50 |
| May 27, 2005 | Postage | $.37 |
| May 27, 2005 | Serve summons | $0.00 |
| Jul 06, 2005 | Postage | $0.74 |
| **Total:** | | **$268.97** |

The Court should deny Schulz' excessive copying and postage costs.  It is untenable that Schulz incurred $9.07 in postage costs or $43.54 in copying costs.  Indeed, Schulz merely filed a 2 page complaint with a couple pages of exhibits.  Even assuming .25 cents per copy is reasonable, Schulz would have had to copy 175 pages to total $43.54.  That is unreasonable.  If Schulz charges more than .25 cents per copy, its cost is unreasonable.

With respect to postage, Schulz lives in Illinois.  At most, counsel should have incurred the cost of .37 cents to mail the complaint, summons, offer of judgment,

2

acceptance of offer of judgment and possibly one or two letters from counsel for a total cost of $2.22.

With respect to service of summons, counsel should have contacted counsel for Oxford Management and asked them to accept service. Indeed, Schulz was entirely aware of Oxford's counsel as he is currently litigating a different case before Judge Darrah against Oxford, 04 L 8224. The $40.00 cost for service of summons is unreasonable.

3

# SCHULZ V. OXFORD MANAGEMENT

Case Number 14528

| Date | Task | Hours |
|------|------|-------|
| **James O. Latturner** *Partner Hourly Rate = $ 425.00* | | |
| May-24-2005 | work on complaint OK | 0.2 |
| | | **0.2 $ 85.00 Total:** |
| **Alex Burke** *Associate Hourly Rate = $ 190.00* | | |
| May-02-2005 | draft complaint | 1.1 |
| May-17-2005 | conf client, approve complaint | 0.2 |
| Jul-05-2005 | conf DAE re rule 68 offer | 0.2 |
| Jul-05-2005 | receive Rule 68 letter | 0.1 |
| Jul-07-2005 | conf Nahoum re Rule 68 offer | 0.2 |
| Jul-08-2005 | prepare acceptance for Rule 68 offer | 0.2 |
| Jul-08-2005 | tel conf Darke re: Rule 68 offer | 0.2 |
| Jul-12-2005 | court time, conf with Darke after court | 1.0 |
| | | **3.2 $ 608.00 Total:** |
| **Alec Smith** *Legal Asst Hourly Rate = $ 100.00* | | |
| May-25-2004 | prep/file @ Fed Ct comp, lien ltr | 0.0 |
| May-02-2005 | open file; prep comp | 0.0 |
| May-24-2005 | prep comp | 0.0 |
| May-26-2005 | prep/file app of AHB, dock; ml comp to client; Research prcss srvr; organize docs/logging/case info | 0.0 |
| May-27-2005 | mail sum Oxford to be served | 0.0 |
| Jun-03-2005 | client call re: status of case | 0.0 |
| Jun-16-2005 | file cert ret rec #9999; dock served/filed sum | 0.0 |
| Jun-21-2005 | client call re: status of case | 0.0 |
| Jun-30-2005 | conf Angie re: case no., dist | 0.0 |
| | | **0.00 Total:** |
| **Jason Kunowski** *Legal Asst Hourly Rate = $ 100.00* | | |
| Jul-15-2005 | Docketing | 0.0 |
| | | **0.00 Total:** |
| **Total:** | | **$693.00** |

The Court should refuse to award any fees to Schulz for work performed by legal assistants.

4

CHF213959.2

# Exhibit C

# Alex Burke

**From:** Alex Burke [aburke@edcombs.com]
**Sent:** Thursday, August 04, 2005 12:48 PM
**To:** 'Darke, Richard P.'
**Subject:** RE: Schulz v. Oxford

Rick,

Our complaint was not frivolous. My client informs me that there is one debt. Both letters ask for a debt from PCDI ("Professional Career Development Institute"). We do not know why there are different account numbers or amounts. That is likely a mistake from PCDI's end.

Second, even if there were two debts, Graziano is not controlling in this Circuit. The only authority I could find in this district with respect to the issue were two cases, neither of which held similar (but not identical) claims to be "frivolous" as you call it. Those cases are Miller v. Allied Interstate, Inc., 2005 U.S. Dist. LEXIS 13121 (N.D.Ill. June 27, 2005); Berndt v. Fairfield Resorts, Inc., 337 F. Supp. 2d 1120 (N.D.Ill. 2004). Our case is different because plaintiff believes the two letters to be asking for the same debt, and the creditor listed is the same

Ironically, many of the Seventh Circuit decisions that cite Graziano do so for the proposition that the FDCPA essentially *requires* attorney's fees to be awarded to the prevailing plaintiff absent bad faith. The above demonstrates that there has not been any bad faith here, and there is no question that we are the prevailing party.

Further, it is not productive for you to infer that we inflated our postage by nine dollars. Your suggestion of such is offensive. We incurred the costs listed, believe them to be reasonable and do not agree to lower that cost.

We agree to cut our photocopying in half (to $20.00 even), but will not agree to delete the $40 service fee, or the filing fee. We asked for $1,000 in attorney's fees. This amount is very reasonable, and we will not agree to less unless you can point to specific unreasonable time entries, in accordance with the local rules.

The total fees and costs, then would be $319.07 in costs and $1,003.00 in fees. If we have to litigate these issues further, we will ask for more fees to cover our time for doing so. For your information, I spent over 45 minutes responding to your email.

Alex Burke

**From:** Darke, Richard P. [mailto:RPDarke@duanemorris.com]
**Sent:** Thursday, August 04, 2005 10:31 AM
**To:** Alex Burke
**Cc:** Hirsh, Robert M.; Nahoum, Robert J.
**Subject:** Schulz v. Oxford

Alex, attached is Oxford's response to the fee request in the second Schulz matter. Give me a call with any questions. Thanks. <<Objection to Fees and Costs.pdf>>

Richard P. Darke
Duane Morris LLP
227 West Monroe St.
Suite 3400
Chicago, Illinois 60606
(312) 499-6743

8/31/2005

(312) 499-6701 (fax)

Confidentiality Notice: This electronic mail transmission is privileged and confidential and is intended only for the review of the party to whom it is addressed. If you have received this transmission in error, please immediately return it to the sender. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege.

# Exhibit D

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| DANIEL SCHULZ, | ) | |
| | ) | 05 C 3133 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge Leinenweber |
| | ) | Mag. Judge Mason |
| OXFORD MANAGEMENT | ) | |
| SERVICES, INC., | ) | Jury Demanded |
| | ) | |
| Defendant. | ) | |

## DECLARATION OF DANIEL SCHULZ

Daniel Schulz hereby states under penalty of perjury:

1.  I am the plaintiff in the above-captioned lawsuit.
2.  I am not aware of more than one debt that is allegedly owed to PCDI by me.

Executed at Chicago, Illinois
August 18, 2005

_Daniel Schulz_
Daniel Schulz

## LAW OFFICES
# EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle
18th Floor
Chicago, Illinois 60603
Phone 312/739-4200
Fax 312/419-0379

### FACSIMILE TRANSMISSION

TO:        John T. Shriver, Richard P. Darke

FAX NO:    312-499-6701

FROM:      Alex Burke (AS2)

RE:        Schultz v. Oxford Management Services, Inc.

FILE NO:   14.528

DATE:      August 25, 2005              PAGES:    2 (w/ cover)

*** 

Comments:

Attached please find **DECLARATION OF DANIEL SCHULZ.**

### PRIVILEGED COMMUNICATION
PLEASE PHONE 312/739-4200 IF YOU DO NOT RECEIVE ALL THE PAGES.  This fax may contain
confidential material or other matter protected by the attorney-client privilege.  Unless you are the addressee(or are
authorized to receive this fax for the addressee), you may not copy, use or distribute it.  If you receive this fax in
error, please contact the sender by telephone or fax immediately and return by U.S. Mail.

```
************** -COMM. JOURNAL- ************** DATE AUG-25-2005 ***** TIME 13:35 *********

    MODE = MEMORY TRANSMISSION          START=AUG-25 13:34    END=AUG-25 13:35

    FILE NO.=297

 STN   COMM.   ONE-TOUCH/   STATION NAME/TEL NO.              PAGES    DURATION
 NO.            ABBR NO.

 001     OK      ☎            14528#4996701#                  002/002  00:00:26


                                                 -ECLG LLC              -

************************************** -ECLG LLC    - ***** -     3124190379- *********
```

## LAW OFFICES
# EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle
18th Floor
Chicago, Illinois 60603
Phone 312/739-4200
Fax 312/419-0379

## FACSIMILE TRANSMISSION

**TO:**       John T. Shriver, Richard P. Darke

**FAX NO:**   312-499-6701

**FROM:**     Alex Burke (AS2)

**RE:**       Schultz v. Oxford Management Services, Inc.

**FILE NO:**  14.528

**DATE:**     August 25, 2005                      **PAGES:**   2 (w/ cover)

***

Comments:

Attached please find **DECLARATION OF DANIEL SCHULZ.**

## PRIVILEGED COMMUNICATION
PLEASE PHONE 312/739-4200 IF YOU DO NOT RECEIVE ALL THE PAGES. This fax may contain confidential material or other matter protected by the attorney-client privilege. Unless you are the addressee(or are authorized to receive this fax for the addressee), you may not copy, use or distribute it. If you receive this fax in error, please contact the sender by telephone or fax immediately and return by U.S. Mail.

# Appendix A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DANIEL SCHULZ, | ) | 05 C 3133 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge Leinenweber |
| | ) | Mag. Judge Mason |
| OXFORD MANAGEMENT | ) | |
| SERVICES, INC., | ) | Jury Demanded |
| | ) | |
| Defendant. | ) | |

## DECLARATION OF DANIEL A. EDELMAN

### I.   INTRODUCTION

This DECLARATION is submitted in support of the MOTION FOR

ATTORNEY'S FEES AND COSTS.

### II.   STATEMENT OF QUALIFICATIONS

I am Daniel A. Edelman. I am a partner in the law firm of Edelman, Combs,

Latturner & Goodwin, LLC. I am a graduate of the University of Chicago. I have been actively

engaged in the practice of law since 1976. I am a member in good standing of the Bar of the State

of Illinois. I am admitted to practice in the following courts: United States Supreme Court,

Seventh Circuit Court of Appeals, First Circuit Court of Appeals, Second Circuit Court of

Appeals, Third Circuit Court of Appeals, Fifth Circuit Court of Appeals, Eighth Circuit Court of

Appeals, Ninth Circuit Court of Appeals, Tenth Circuit Court of Appeals, Eleventh Circuit Court

of Appeals, United States District Courts for the Northern and Southern Districts of Indiana,

United States District Courts for the Northern, Central, and Southern Districts of Illinois, United

1

States District Court for the District of Arizona, United States District Court for the District of Connecticut, and the Supreme Court of Illinois. My practice is almost entirely devoted to civil litigation in state and federal courts, including complex, multi-claim and multi-party cases.

1.     Edelman, Combs, Latturner & Goodwin, LLC, has 5 principals, Daniel A. Edelman, Cathleen M. Combs, James O. Latturner, Tara L. Goodwin, and Michelle R. Teggelaar, and 9 associates.

2.     **Daniel A. Edelman** is a 1976 graduate of the University of Chicago Law School. From 1976 to 1981 he was an associate at the Chicago office of Kirkland & Ellis with heavy involvement in the defense of consumer class action litigation (such as the General Motors Engine Interchange cases). In 1981 he became an associate at Reuben & Proctor, a medium-sized firm formed by some former Kirkland & Ellis lawyers, and was made a partner there in 1982. From the end of 1985 he has been in private practice in downtown Chicago. Virtually all of his practice involves litigation on behalf of consumers. He is the co-author of Rosmarin & Edelman, Consumer Class Action Manual (2d-4th editions, National Consumer Law Center 1990, 1995 and 1999; author of Payday Loans:  Big Interest Rates and Little Regulation, 11 Loy.Consumer L.Rptr. 174 (1999); author of Consumer Fraud and Insurance Claims, in Bad Faith and Extracontractual Damage Claims in Insurance Litigation, Chicago Bar Ass'n 1992; co-author of Chapter 8, "Fair Debt Collection Practices Act," Ohio Consumer Law (1995 ed.); co-author of Fair Debt Collection:  The Need for Private Enforcement, 7 Loy.Consumer L.Rptr. 89 (1995); author of An Overview of The Fair Debt Collection Practices Act, in Financial Services Litigation, Practicing Law Institute (1999); co-author of Residential Mortgage Litigation, in Financial Services Litigation, Practicing Law Institute (1996); author of Automobile Leasing:

2

Problems and Solutions, 7 Loy.Consumer L.Rptr. 14 (1994); author of Current Trends in Residential Mortgage Litigation, 12 Rev. of Banking & Financial Services 71 (April 24, 1996); author of Applicability of Illinois Consumer Fraud Act in Favor of Out-of-State Consumers, 8 Loy.Consumer L.Rptr. 27 (1996); co-author of Illinois Consumer Law (Chicago Bar Ass'n 1996); co-author of D. Edelman and M. A. Weinberg, Attorney Liability Under the Fair Debt Collection Practices Act (Chicago Bar Ass'n 1996); author of The Fair Debt Collection Practices Act: Recent Developments, 8 Loy.Consumer L. Rptr. 303 (1996); author of Second Mortgage Frauds, Nat'l Consumer Rights Litigation Conference 67 (Oct. 19-20, 1992); and author of Compulsory Arbitration of Consumer Disputes, Nat'l Consumer Rights Litigation Conference 54, 67 (1994).

3.    **Cathleen M. Combs** is a 1976 graduate of Loyola University Law School. She formerly supervised the Northwest office of the Legal Assistance Foundation of Chicago, where she was lead or co-counsel in class actions in the areas of unemployment compensation, prison law, social security law, and consumer law. She joined what is now Edelman, Combs & Latturner in early 1991. Decisions in which she was involved prior to joining the firm include: Johnson v. Heckler, 607 F.Supp. 875 (N.D.Ill. 1984), and 100 F.R.D. 70 (N.D. Ill. 1983); Sanders v. Shephard, 185 Ill.App.3d 719, 541 N.E.2d 1150 (1st Dist. 1989); Maller v. Cohen, 176 Ill.App.3d 987, 531 N.E.2d 1029 (1st Dist. 1988); Wright v. Department of Labor, 166 Ill.App.3d 438, 519 N.E.2d 1054 (1st Dist. 1988); Barron v. Ward, 165 Ill.App.3d 653, 517 N.E.2d 591 (1st Dist. 1987); City of Chicago v. Leviton, 137 Ill.App.3d 126, 484 N.E.2d 438 (1st Dist. 1985); Jude v. Morrissey, 117 Ill.App.3d 782, 454 N.E.2d 24 (1st Dist. 1983).

4.    **James O. Latturner** is a 1962 graduate of the University of Chicago Law School. Until 1969, he was an associate and then a partner at the Chicago law firm of Berchem,

Schwantes & Thuma. From 1969 to 1995 he was Deputy Director of the Legal Assistance Foundation of Chicago, where he specialized in consumer law, including acting as lead counsel in over 30 class actions. His publications include Chapter 8 ("Defendants") in Federal Practice Manual for Legal Services Attorneys (M. Masinter, Ed., National Legal Aid and Defender Association 1989); Governmental Tort Immunity in Illinois, 55 Ill.B.J. 29 (1966); Illinois Should Explicitly Adopt the Per Se Rule for Consumer Fraud Act Violations, 2 Loy.Consumer L.Rep. 64 (1990), and Illinois Consumer Law (Chicago Bar Ass'n 1996). He has taught in a nationwide series of 18 Federal Practice courses sponsored by the Legal Services Corporation, each lasting four days and designed for attorneys with federal litigation experience. He has argued some 30 appeals, including two cases in the United States Supreme Court and two in the Illinois Supreme Court. Mr. Latturner was involved in many of the significant decisions establishing the rights of Illinois consumers.

5.    **Tara L. Goodwin** is a graduate of the University of Chicago (B.A., 1988) and Illinois Institute of Technology, Chicago-Kent College of Law (J.D., 1991). She has been with the firm since her graduation and has participated in many of the cases described below.

6.    **Michelle R. Teggelaar** is a graduate of the University of Illinois (B.A., 1993) and Chicago-Kent College of Law, Illinois Institute of Technology (J.D., with honors, 1997). **Reported Cases:** Johnson v. Revenue Management, Inc., 169 F.3d 1057 (7th Cir.1999); Coelho v. Park Ridge Oldsmobile, Inc., 247 F. Supp. 2d 1004 (N.D. Ill. 2003); Dominguez v. Alliance Mtge., Co., 226 F. Supp. 2d 907 (N.D. Ill. 2002); Watson v. CBSK Financial Group, Inc., 197 F. Supp. 2d 1118 (N.D. Ill. 2002); Van Jackson v. Check 'N Go of Illinois, Inc. 123 F. Supp. 2d 1085 (N.D. Ill. 2000), Van Jackson v. Check 'N Go of Illinois, Inc., 123 F. Supp. 2d

4

1079, <u>Van Jackson v. Check 'N Go of Illinois, Inc.</u>, 114 F. Supp. 2d 731 (N.D. Ill. 2000); <u>Van Jackson v. Check 'N Go of Illinois, Inc.</u>, 193 F.R.D. 544 (N.D. Ill. 2000); <u>Vines v. Sands</u>, 188 F.R.D. 302 (N.D. Ill. 1999); <u>Veillard v. Mednick</u>, 24 F. Supp. 2d 863 (N.D. Ill.1998); <u>Sledge v. Sands</u>, 182 F.R.D. 255 (N.D. Ill. 1998), <u>Vines v. Sands</u>, 188 F.R.D. 203 (N.D. Ill. 1999), <u>Livingston v. Fast Cash USA, Inc.</u>, 753 N.E.2d 572  (Ind. 2001); <u>Carroll v. Butterfield Heath Care, Inc.</u>, 2003 WL 22462604 (N.D. Ill. 2003); <u>Payton v. New Century Mtge., Inc.</u>, 2003 WL 22349118 (N.D. Ill. 2003); <u>Seidat v. Allied Interstate, Inc.</u>, 2003 WL 2146825 (N.D. Ill. 2003) (Report and Recommendation); <u>Michalowski v. Flagstar Bank, FSB</u>, 2002 WL 112905 (N.D. Ill. 2002); <u>Bigalke v. Creditrust Corp.</u>, 2001 WL 1098047 (N.D. Ill 2001) (Report and Recommendation); <u>Donnelly v. Illini Cash Advance</u>, 2000 WL 1161076 (N.D. Ill. 2000); <u>Mitchem v. Paycheck Advance Express</u>, 2000 WL 419992 (N.D. Ill 2000); <u>Pinkett v. Moolah Loan Co.</u>, 1999 WL 1080596 (N.D. Ill. 1999); <u>Farley v. Diversified Collection Serv.</u>, 1999 WL 965496 (N.D. Ill. 1999); <u>Davis v. Commercial Check Control</u>, 1999 WL 965496 (N.D. Ill. 1999); <u>Sledge v. Sands</u>, 1999 WL 261745 (N.D. Ill. 1999); <u>Slater v. Credit Sciences, Inc.</u>, 1998 WL 341631 (N.D. Ill. 1998); <u>Slater v. Credit Sciences, Inc.</u>, 1998 WL 299803 (N.D. Ill. 1998).

7.   **Associates**

**Francis R. Greene** is a graduate of Johns Hopkins University (B.A., with honors, May 1984), Rutgers University (Ph.D., October 1991), and Northwestern University Law School (J.D. 2000). **Reported Cases:** <u>Johnson v. Thomas</u>, 342 Ill. App.3d 382, 794 N.E.2d 919 (1st Dist. 2003); <u>Jolly v. Shapiro & Kreisman</u>, 237 F. Supp. 2d 888 (N.D. Ill. 2002); <u>Parker v. 1-800 Bar None, a Financial Corp., Inc.</u> 2002 WL 215530 (N.D. Ill. 2002); <u>Jiang v. Allstate Ins. Co.</u> (199 F.R.D. 267); <u>Hill v. AMOCO Oil Co.</u> 2003 WL 262424, 2001 WL 293628 (N.D. Ill.

2003); Roquet v. Arthur Anderson LLP 2002 WL 1900768 (N.D. Ill. 2002); White v. Financial Credit, Corp. 2001 WL 1665386 (N.D. Ill.); Ransom v. Gurnee Volkswagen 2001 WL 1241297 (N.D. Ill. 2001) and 2002 WL 449703 (N.D. Ill 2002); Doxie v. Impac Funding Corp. 2002 WL 31045387 (N.D. Ill. 2002); Levin v. Kluever & Platt LLC 2003 WL 22757763 and 2003 WL 22757764 (N.D. Ill. 2003); Pleasant v. Risk Management Alternatives 2003 WL 22175390 (N.D. Ill. 2003); Jenkins v. Mercantile Mortgage 231 F. Supp. 2d 737 (N.D. Ill. 2002); Hobson v. Lincoln Ins. Agency, Inc. 2001 WL 55528, 2001 WL 648958 (N.D. Ill. 2001), Anderson v. Lincoln Ins. Agency 2003 WL 291928, Hobson v. Lincoln Ins. Agency 2003 WL 338161 (N.D. Ill. 2003)

**Julie Clark** is a graduate of Northern Illinois University (B.A. 1997) and DePaul University Law School (J.D., 2000). **Reported Cases:** Qualkenbush v. Harris Trust & Savings Bank 219 F.Supp.2d 935 (N.D.Ill.,2002); Covington-McIntosh v. Mount Glenwood Memory Gardens 2002 WL 31369747 (N.D.Ill.,2002), 2003 WL 22359626 (N.D. Ill. 2003).

**Heather A. Piccirilli** is a graduate of DePaul University (B.S. *cum laude* 1997), and Roger Williams University School of Law (J.D. 2002).

**Albert F. Hofeld Jr.** is a graduate of Reed College (B.A. 1990), the University of Chicago Divinity School (M. Div. 1994), and Northwestern University Law School (J.D. 2000).

**Curtis C. Warner** is a graduate of the Grand Valley State University (B.A., 1993); Wayne State University (M.Ed. 1998); and Michigan State University - College of Law (J.D. *cum laude* 2002).

**Thomas E. Soule** is a graduate of Stanford University (B.A. 2000), and the University of Wisconsin Law School (J.D. 2003)

**Alexander H. Burke** is a graduate of Colgate University (B.A., 1997), and Loyola University of Chicago School of Law (J.D. 2003).

**Jeremy P. Monteiro** is a graduate of St. John's University (B.A., 1999) and DePaul University College of Law (J.D. 2003).

**Derek B. Rieman** is a graduate of Indiana University (B.A., 2000); and University of Oregon School of Law (J.D. 2004).

7.     The firm also has 15 legal assistants, as well as other support staff.

8.     Since its inception, the firm has recovered more than $500 million for consumers.

9.     The types of cases handled by the firm are illustrated by the following:

10.     **Mortgage charges and servicing practices:**  The firm has been involved in dozens of cases complaining of illegal charges on mortgages and improper servicing practices. Decisions in these cases include: <u>Christakos v. Intercounty Title Co.</u>, 196 F.R.D. 496 (N.D.Ill. 2000); <u>Johnstone v. Bank of America, N.A.</u>, 173 F.Supp.2d 809 (N.D.Ill. 2001); <u>Leon v. Washington Mut. Bank, F.A.</u>, 164 F.Supp.2d 1034 (N.D.Ill. 2001);  <u>Williamson v. Advanta Mortg. Corp.</u>, 1999 U.S. Dist. LEXIS 16374 (N.D.Ill., Oct. 5, 1999); <u>McDonald v. Washington Mut. Bank, F.A.</u>, 2000 U.S. Dist. LEXIS 11496 (N.D.Ill., June 22, 2000); <u>Metmor Financial, Inc. v. Eighth Judicial District Court</u>, No. 23848 (Nev.Sup.Ct., Apr. 27, 1993); <u>GMAC Mtge. Corp. v. Stapleton</u>, 236 Ill.App.3d 486, 603 N.E.2d 767 (1st Dist. 1992), leave to appeal denied, 248

7

Ill.2d 641, 610 N.E.2d 1262 (1993); <u>Leff v. Olympic Fed. S. & L. Ass'n</u>, 1986 WL 10636

(N.D.Ill. 1986); <u>Aitken v. Fleet Mtge. Corp.</u>, 1991 U.S.Dist. LEXIS 10420 (N.D.Ill. 1991), and

1992 U.S.Dist. LEXIS 1687 (N.D.Ill., Feb. 12, 1992); <u>Poindexter v. National Mtge. Corp.</u>, 1991

U.S.Dist. LEXIS 19643 (N.D.Ill., Dec. 23, 1991), later opinion, 1995 U.S.Dist. LEXIS 5396

(N.D.Ill., April 24, 1995); <u>Sanders v. Lincoln Service Corp.</u>, 1993 U.S.Dist. LEXIS 4454

(N.D.Ill. 1993); <u>Robinson v. Empire of America Realty Credit Corp.</u>, 1991 U.S.Dist. LEXIS

2084 (N.D.Ill., Feb. 20, 1991); <u>In re Mortgage Escrow Deposit Litigation</u>, M.D.L. 899, 1994

U.S.Dist. LEXIS 12746 (N.D.Ill., Sept. 8, 1994); <u>Greenberg v. Republic Federal S. & L. Ass'n</u>,

1995 U.S.Dist. LEXIS 5866 (N.D.Ill., May 1, 1995).

      11.    The recoveries in the escrow overcharge cases alone are over $250

million. <u>Leff</u> was the seminal case on mortgage escrow overcharges.

      12.    The escrow litigation had a substantial effect on industry practices,

resulting in limitations on the amounts which mortgage companies held in escrow.

      13.    **Automobile sales and financing practices:**  The firm has brought many

cases challenging practices relating to automobile sales and financing, including:

      (a)    Hidden finance charges resulting from pass-on of discounts on auto

purchases. <u>Walker v. Wallace Auto Sales, Inc.</u>, 155 F.3d 927, 1998 U.S. App. LEXIS 22663 (7th

Cir. 1998).

      (b)    Misrepresentation of amounts disbursed for extended warranties.

<u>Taylor v. Quality Hyundai, Inc.</u>, 150 F.3d 689, 1998 U.S.App. LEXIS 16434 (7th Cir. 1998);

<u>Grimaldi v. Webb</u>, 282 Ill.App.3d 174, 668 N.E.2d 39 (1st Dist. 1996), leave to appeal denied,

169 Ill.2d 566 (1996); <u>Slawson v. Currie Motors Lincoln Mercury, Inc.</u>, 1995 U.S.Dist. LEXIS

451 (N.D.Ill., Jan. 5, 1995); Cirone-Shadow v. Union Nissan, Inc., 1995 U.S.Dist. LEXIS 1379

(N.D.Ill., Feb. 3, 1995), later opinion, 1995 U.S.Dist. LEXIS 5232 (N.D.Ill., April 20, 1995)

(same); Chandler v. Southwest Jeep-Eagle, Inc., 1995 U.S. Dist. LEXIS 8212 (N.D.Ill., June 8,

1995); Shields v. Lefta, Inc., 1995 U.S.Dist. LEXIS 7807 (N.D.Ill., June 5, 1995).

          (c)     Spot delivery. Janikowski v. Lynch Ford, Inc., 1999 U.S. Dist.

LEXIS 3524 (N.D.Ill., March 11, 1999); Diaz v. Westgate Lincoln Mercury, Inc., 1994 U.S.Dist.

LEXIS 16300 (N.D.Ill. 1994); Grimaldi v. Webb, 282 Ill.App.3d 174, 668 N.E.2d 39 (1st Dist.

1996), leave to appeal denied, 169 Ill.2d 566 (1996).

          (d)     Force placed insurance. Bermudez v. First of America Bank

Champion, N.A., 860 F.Supp. 580 (N.D.Ill. 1994); Travis v. Boulevard Bank, 1994 U.S.Dist.

LEXIS 14615 (N.D.Ill., Oct. 13, 1994), modified, 880 F.Supp. 1226 (N.D.Ill., 1995); Moore v.

Fidelity Financial Services, Inc., 884 F. Supp. 288 (N.D.Ill. 1995).

          (e)     Improper obligation of cosigners. Lee v. Nationwide Cassell, 174

Ill.2d 540, 675 N.E.2d 599 (1996); Taylor v. Trans Acceptance Corp., 267 Ill.App.3d 562, 641

N.E.2d 907 (1st Dist. 1994), leave to appeal denied, 159 Ill.2d 581, 647 N.E.2d 1017 (1995).

          (f)     Evasion of FTC holder rule. Brown v. LaSalle Northwest Nat'l

Bank, 148 F.R.D. 584 (N.D.Ill. 1993), 820 F.Supp. 1078 (N.D.Ill. 1993), and 1993 U.S.Dist.

LEXIS 11419 (N.D.Ill., Aug. 13, 1993).

          14.     These cases also had a substantial effect on industry practices. The

warranty cases, such as Grimaldi, Gibson, Slawson, Cirone-Shadow, Chandler, and Shields,

resulted in the Federal Reserve Board's revision of applicable disclosure requirements, so as to

prevent car dealers from representing that the charge for an extended warranty was being

disbursed to a third party when that was not in fact the case.

15.     **Predatory lending practices**: The firm has brought numerous cases challenging predatory mortgage and "payday" lending practices. Livingston v. Fast Cash USA, Inc., 753 N.E.2d 572 (Ind. Sup. Ct. 2001); Williams v. Chartwell Fin. Servs., 204 F.3d 748 (7th Cir. 2000); Parker v. 1-800 Bar None, a Financial Corp., Inc., 01 C 4488, 2002 WL 215530 (N.D.Ill., Feb 12, 2002); Gilkey v. Central Clearing Co., 202 F.R.D. 515 (E.D.Mich. 2001); Van Jackson v. Check 'N Go of Ill., Inc., 114 F.Supp.2d 731 (N.D.Ill. 2000), later opinion, 193 F.R.D. 544 (N.D.Ill. 2000), 123 F.Supp. 2d 1079 (N.D.Ill. 2000), later opinion, 123 F.Supp. 2d 1085 (N.D.Ill. 2000); Henry v. Cash Today, Inc., 199 F.R.D. 566 (S.D.Tex. 2000); Donnelly v. Illini Cash Advance, Inc., 00 C 94, 2000 WL 1161076, 2000 U.S. Dist. LEXIS 11906 (N.D.Ill., Aug. 14, 2000); Jones v. Kunin, 2000 U.S. Dist. LEXIS 6380 (S.D.Ill., May 1, 2000); Davis v. Cash for Payday, 193 F.R.D. 518 (N.D.Ill. 2000); Reese v. Hammer Fin. Corp., 99 C 716, 1999 U.S. Dist. LEXIS 18812, 1999 WL 1101677 (N.D.Ill., Nov. 29, 1999); Pinkett v. Moolah Loan Co., 1999 U.S. Dist. LEXIS 17276 (N.D.Ill., Nov. 1, 1999); Gutierrez v. Devon Fin. Servs., 1999 U.S. Dist. LEXIS 18696 (N.D.Ill., Oct. 6, 1999); Vance v. National Benefit Ass'n, 99 C 2627, 1999 WL 731764, 1999 U.S. Dist. LEXIS 13846 (N.D.Ill., Aug. 26, 1999).

16.     **Other consumer credit issues:** The firm has also brought a number of other Truth in Lending and consumer credit cases, involving such issues as:

(a)     Phony nonfiling insurance. Edwards v. Your Credit Inc., 148 F.3d 427, 1998 U.S. App. LEXIS 16818 (5th Cir. 1998); Adams v. Plaza Finance Co., 1999 U.S. App. LEXIS 1052 (7th Cir., January 27, 1999); Johnson v. Aronson Furniture Co., 1997 U.S. Dist. LEXIS 3979 (N.D. Ill., March 31, 1997).

(b)    The McCarran Ferguson Act exemption. <u>Autry v. Northwest</u> <u>Premium Services, Inc.</u>, 144 F.3d 1037, 1998 U.S. App. LEXIS 9564 (7th Cir. 1998).

(c)    Loan flipping. <u>Emery v. American General</u>, 71 F.3d 1343 (7th Cir. 1995). <u>Emery</u> limited the pernicious practice of "loan flipping," in which consumers are solicited for new loans and are then refinanced, with "short" credits for unearned finance charges and insurance premiums being given through use of the "Rule of 78s."

(d)    Home improvement financing practices. <u>Fidelity Financial</u> <u>Services, Inc. v. Hicks</u>, 214 Ill.App.3d 398, 574 N.E.2d 15 (1st Dist. 1991), leave to appeal denied, 141 Ill.2d 539, 580 N.E.2d 112; <u>Heastie v. Community Bank of Greater Peoria</u>, 690 F.Supp. 716 (N.D.Ill. 1989), later opinion, 125 F.R.D. 669 (N.D.Ill. 1990), later opinions, 727 F.Supp. 1133 (N.D.Ill. 1990), and 727 F.Supp. 1140 (N.D.Ill. 1990). <u>Heastie</u> granted certification of a class of over 6,000 in a home improvement fraud case.

(e)    Arbitration clauses. <u>Wrightson v. ITT Financial Services</u>, 617 So.2d 334 (Fla. 1st DCA 1993).

(f)    Insurance packing. <u>Elliott v. ITT Corp.</u>, 764 F.Supp. 102 (N.D.Ill. 1990), later opinion, 150 B.R. 36 (N.D.Ill. 1992).

17.    **Automobile leases:** The firm has brought a number of a cases alleging illegal charges and improper disclosures on automobile leases. Decisions in these cases include <u>Lundquist v. Security Pacific Automotive Financial Services Corp.</u>, Civ. No. 5:91-754 (TGFD) (D.Conn.), <u>aff'd</u>, 993 F.2d 11 (2d Cir. 1993); <u>Kedziora v. Citicorp Nat'l Services, Inc.</u>, 780 F.Supp. 516 (N.D.Ill. 1991), later opinion, 844 F.Supp. 1289 (N.D.Ill. 1994), later opinion, 883 F.Supp. 1144 (N.D.Ill. 1995), later opinion, 1995 U.S.Dist. LEXIS 12137 (N.D.Ill., Aug. 18,

11

1995), later opinion, 1995 U.S.Dist. LEXIS 14054 (N.D.Ill., Sept. 25, 1995); Johnson v. Steven

Sims Subaru and Subaru Leasing, 1993 U.S.Dist. LEXIS 8078 (N.D.Ill., June 9, 1993), and 1993

U.S.Dist. LEXIS 11694 (N.D.Ill., August 20, 1993); McCarthy v. PNC Credit Corp., 1992

U.S.Dist. LEXIS 21719 (D.Conn., May 27, 1992); Kinsella v. Midland Credit Mgmt., Inc., 1992

U.S.Dist. LEXIS 1405, 1992 WL 26908 (N.D.Ill. 1992); Highsmith v. Chrysler Credit Corp., 18

F.3d 434 (7th Cir. 1994); Black v. Mitsubishi Motors Credit of America, Inc., 1994 U.S.Dist.

LEXIS 11158 (N.D.Ill., August 10, 1994); Simon v. World Omni Leasing Inc., 146 F.R.D. 197

(S.D.Ala. 1992).  Settlements in such cases include Shepherd v. Volvo Finance North America,

Inc., 1-93-CV-971 (N.D.Ga.)($8 million benefit); McCarthy v. PNC Credit Corp., 291 CV 00854

PCD (D.Conn.); Lynch Leasing Co. v. Moore, 90 CH 876 (Circuit Court of Cook County,

Illinois) (class in auto lease case was certified for litigation purposes, partial summary judgment

was entered, and case was then settled); Blank v. Nissan Motor Acceptance Corp., 91 L 8516

(Circuit Court of Cook County, Illinois); Mortimer v. Toyota Motor Credit Co., 91 L 18043

(Circuit Court of Cook County, Illinois); Duffy v. Security Pacific Automotive Financial

Services, Inc., 93-729 IEG (BTM) (S.D.Cal., April 28, 1994).

18.    Lundquist and Highsmith are leading cases; both held that commonly-used

lease forms violated the Consumer Leasing Act.  As a result of the Lundquist case, the Federal

Reserve Board completely revamped the disclosure requirements applicable to auto leases,

resulting in vastly improved disclosures to consumers.

19.    **Collection practices:**  The firm has brought a number of cases under the

Fair Debt Collection Practices Act.  Decisions in these cases include: Jenkins v. Heintz, 25 F.3d

536 (7th Cir. 1994), aff'd 115 S.Ct. 1489, 131 L.Ed.2d 395 (1995); Johnson v. Revenue

Management Corp., 169 F.3d 1057, 1999 U.S. App. LEXIS 3142 (7th Cir. 1999); Keele v.

Wexler & Wexler, 1996 U.S.Dist. LEXIS 3253 (N.D.Ill., March 18, 1996) (class), 1995

U.S.Dist. LEXIS 13215 (N.D.Ill. 1995) (merits), aff'd, 149 F.3d 589, 1998 U.S.App. LEXIS

15029 (7th Cir. 1998); Mace v. Van Ru Credit Corp., 109 F.3d 338, 1997 U.S.App. LEXIS 5000

(7th Cir., Mar. 17, 1997); Maguire v. Citicorp Retail Services, Inc., 147 F.3d 232, 1998 U.S.App.

LEXIS 16112 (2d Cir. 1998); Young v. Citicorp Retail Services, Inc., 1998 U.S.App. LEXIS

20268 (2d Cir. 1998); Charles v. Lundgren & Assocs., P.C., 119 F.3d 739, 1997 U.S. App.

LEXIS 16786 (9th Cir. 1997); Avila v. Rubin, 84 F.3d 222 (7th Cir. 1996), aff'g Avila v. Van Ru

Credit Corp., 1995 U.S.Dist. LEXIS 461 (N.D.Ill., Jan. 10, 1995), later opinion, 1995 U.S.Dist.

LEXIS 1502 (N.D.Ill., Feb. 6, 1995), later opinion, 1995 U.S.Dist. LEXIS 17117 (N.D.Ill., Nov.

14, 1995); Tolentino v. Friedman, 833 F.Supp. 697 (N.D.Ill. 1993), aff'd in part and rev'd in part,

46 F.3d 645 (7th Cir. 1995); Blakemore v. Pekay, 895 F.Supp.972 (N.D.Ill. 1995); Oglesby v.

Rotche, 1993 U.S.Dist. LEXIS 15687 (N.D.Ill., Nov. 4, 1993), later opinion, 1994 U.S.Dist.

LEXIS 4866 (N.D.Ill., April 15, 1994); Laws v. Cheslock, 1999 U.S.Dist. LEXIS 3416 (N.D.Ill.,

Mar. 8, 1999);Davis v. Commercial Check Control, Inc., 1999 U.S. Dist. LEXIS 1682 (N.D.Ill.,

Feb. 12, 1999); Hoffman v. Partners in Collections, Inc., 1993 U.S.Dist. LEXIS 12702 (N.D.Ill.,

Sept. 15, 1993); Vaughn v. CSC Credit Services, Inc., 1994 U.S.Dist. LEXIS 2172 (N.D.Ill.,

March 1, 1994), adopted, 1995 U.S.Dist. LEXIS 1358 (N.D.Ill., Feb. 3, 1995); Beasley v. Blatt,

1994 U.S.Dist. LEXIS 9383 (N.D.Ill., July 14, 1994); Taylor v. Fink, 1994 U.S.Dist. LEXIS

16821 (N.D.Ill., Nov. 23, 1994); Gordon v. Fink, 1995 U.S.Dist. LEXIS 1509 (N.D.Ill., Feb. 7,

1995); Brujis v. Shaw, 876 F.Supp. 198 (N.D.Ill. 1995).  Settlements in such cases include

Boddie v. Meyer, 93 C 2975 (N.D.Ill.); and Cramer v. First of America Bank Corporation, 93 C

3189 (N.D.Ill.).

20.     <u>Jenkins v. Heintz</u> is a leading decision regarding the liability of attorneys under the Fair Debt Collection Practices Act.  I argued it before the Supreme Court and Seventh Circuit.  <u>Avila v. Rubin</u> is a leading decision on phony "attorney letters."

21.     **Class action procedure:**  Important decisions include <u>Crawford v. Equifax Payment Services, Inc.</u>, 201 F.3d 877 (7th Cir. 2000); <u>Blair v. Equifax Check Services, Inc.</u>, 181 F.3d 832 (7th Cir. 1999); <u>Mace v. Van Ru Credit Corp.</u>, 109 F.3d 338, 344 (7th Cir. 1997); and <u>Gordon v. Boden</u>, 224 Ill.App.3d 195, 586 N.E.2d 461 (1st Dist. 1991).

22.     **Bankruptcy:**  Cathleen Combs successfully argued the first Court of Appeals case to hold that a bankruptcy debtor induced to pay a discharged debt by means of an invalid reaffirmation agreement may sue to recover the payment.  <u>Bessette v. Avco Financial Services</u>, 99-2291 (1st Cir., October 27, 2000).

23.     **Landlord-tenant:**  The firm has brought four class actions against landlords for failing to pay interest on security deposits or commingling security deposits.

24.     Some of the other reported decisions in our cases include:  <u>Elder v. Coronet Ins. Co.</u>, 201 Ill.App.3d 733, 558 N.E.2d 1312 (1st Dist. 1990); <u>Smith v. Keycorp Mtge., Inc.</u>, 151 Bankr. 870 (N.D.Ill. 1992); <u>Gordon v. Boden</u>, 224 Ill.App.3d 195, 586 N.E.2d 461 (1st Dist. 1991), leave to appeal denied, 144 Ill.2d 633, 591 N.E.2d 21, cert. denied,    U.S.    (1992); <u>Armstrong v. Edelson</u>, 718 F.Supp. 1372 (N.D.Ill. 1989); <u>Newman v. 1st 1440 Investment, Inc.</u>, 1993 U.S.Dist. LEXIS 354 (N.D.Ill. 1993); <u>Mountain States Tel. & Tel. Co. v. District Court</u>, 778 P.2d 667 (Colo. 1989); <u>Disher v. Fulgoni</u>, 124 Ill.App.3d 257, 464 N.E.2d 639, 643 (1st Dist. 1984); <u>Harman v. Lyphomed, Inc.</u>, 122 F.R.D. 522 (N.D.Ill. 1988); <u>Haslam v. Lefta, Inc.</u>,

14

1992 U.S.Dist. LEXIS 3623 (N.D.Ill., March 25, 1994); Source One Mortgage Services Corp. v. Jones, 1994 U.S.Dist. LEXIS 333 (N.D.Ill., Jan. 13, 1994).

25.     Gordon v. Boden is the first decision approving "fluid recovery" in an Illinois class action.  Elder v. Coronet Insurance held that an insurance company's reliance on lie detectors to process claims was an unfair and deceptive trade practice.

## III. THE MARKET RATE FOR CONTINGENT FEES

The majority of my practice is contingent fee litigation on the plaintiff's side.  I regularly represent plaintiffs in contingent fee cases in Illinois State Courts.  I frequently work with other plaintiff's lawyers who handle cases on a contingent fee basis.  I am generally familiar with the range of contingent fee percentages charged by plaintiff's lawyers.

The hourly rates for the attorneys set forth in the firm's billing records, Exhibit 1, are the same as the regular current rates charged for their services in other contingent matters in class action litigation, and to occasional paying clients.  The firm adjusts them annually to account for inflation and increasing experience  and they are consistent with the rates charged by attorneys of comparable experience and expertise in the Chicago area.  The rates listed and used in this case represent rates previously approved in a number of cases plus an annual adjustment, except that the rates for associates who are no longer with the firm are the last rates they had while employed at Edelman, Combs, Latturner & Goodwin, LLC.

Examples of the approval of Counsel's rates include:

(a)     Rates of $370/hour for Daniel A. Edelman and James O. Latturner, and a rate of $210/hour for Michelle R. Teggelaar, were approved by Judge Holderman in Payton v. New Century Mortgage Co., 2004 WL 524693 (N.D. Ill. 2004).

15

(b)     Rates of $360/hour for Daniel A. Edelman, Cathleen M. Combs, and James O. Latturner, a rate of $310 for Tara L. Goodwin, and a rate of $200/hour for Michelle R. Teggelaar, were approved by Judge Lefkow in <u>Johnson v. Fast Cash Advance, Inc.</u>, No. 00 C 1875 (United States District Court, Northern District of Illinois, February 25, 2003).

(c)     Rates of $350/hour for Daniel A. Edelman, Cathleen M. Combs, and James O. Latturner, a rate of $300/hour for Tara L. Goodwin, and a rate of $200/hour for Michelle R. Teggelaar and Keith J. Keogh, were approved by Judge Billik in <u>Rentas v. Vacation Break U.S.A.</u>, No. 98 CH 02782 (Circuit Court of Cook County, May 9, 2002).

(d)     Rates of $300/hour were approved by Judge Kennelly for Daniel A. Edelman and James O. Latturner, and a rate of $275/hour for Cathleen M. Combs in <u>Hobson v. Lincoln Insurance Agency, Inc.</u>, 2002 WL 338161 (N.D. Ill. 2002).  Judge Kennelly also approved rates of $150/hour for associates James S. Harkness and Charles H. Lee and $135/hour for associate Francis R. Greene.

(e)     Rates of $275 were approved by the Seventh Circuit Court of Appeals in <u>Tolentino v. Friedman</u>, 46 F.3d 645 (1995) for Mr. Edelman.

(f)     Rates of $330 for Mr. Edelman and $170 for Charles H. Lee were approved in <u>Clay v. Johnson</u>, 97 C 6007 (N.D.Ill.), for work done in 1997-1999.

(g)     $330/ hour for Mr. Edelman and Mr. Latturner were approved by Judge Boharic in <u>Johnson v. Thomas</u>, 97 CH 10793 (Cir. Ct. Cook Co., April 24, 2001), a mortgage foreclosure action in which the borrower successfully prosecuted a Truth in Lending counterclaim through trial and rescinded the mortgage.

(h)     Rates were approved in <u>Avila v. Van Ru Credit Corp.</u>, 1995 U.S.

16

Dist. LEXIS 17117 (N.D.Ill., Nov. 14, 1995), aff'd, 84 F.3d 222 (7th Cir. 1996), as follows:

Daniel A. Edelman, $275.00;  Cathleen M. Combs,  $235.00; James O. Latturner, $275.00.

(i)      Edelman, Combs & Latturner was paid in excess of $25,000 by an

estate in connection with a usury case using the same rates as were approved in <u>Avila</u>.  <u>Stob v.</u>

<u>F.G.L.M. Enterprises</u>, 91 L 17357 (Cir.Ct. of Cook County).  All of our bills were reviewed by

principal counsel for the estate, who hired us, and found unobjectionable.

(j)      The same rates listed in paragraph (f) above were approved by

Judge Shadur in <u>Wesley v. General Motors Accept. Corp.</u>, 91 C 3368 (N.D. Ill., Feb. 15, 1994).

k)      The same rates listed in paragraph (f) above were relied upon as an

alternative ground for a $200,000 award in <u>McCarthy v. PNC Credit Corp.</u>, 291 CV 00854 PCD

(D. Conn., February 15, 1994).  However, we specifically asked that the Court rely on the benefit

to the class in making its fee award in that case.

(l)      In <u>Brown v. LaSalle Northwest National Bank</u>, 92 C 8392 (N.D.

Ill., Nov. 17, 1994), Judge Hart awarded $150,000 fees on a petition based on the same rates

listed in paragraph (5) above.

(m)      In <u>Hayes v. Source One Mortgage Services Corp.</u>, 92 CH 2987

(Circuit Court of Cook County), an escrow case, Judge Lester Foreman approved a rate of $250

Daniel Edelman and $210 for Cathleen Combs, for the year 1992.  In <u>Fleet Finance, Inc. v.</u>

<u>Sandra Ford</u>, 91 CH 5689 (Circuit Court of Cook County), Judge Edward Hofert approved fees at

a rate of $250 to Daniel Edelman for 1992.

(n)      In <u>Cramer v. First of America Bank Corporation</u>, 93 C 3189 (N.D.

Ill.), a Fair Debt Collection Practices class action, on April 20, 1994, Judge Zagel approved

17

payment of fees at the rate of $275 for Mr. Edelman, $235 for Ms. Combs, and $135 for Ms. Goodwin (Redmond).

In determining the rates charged by the firm charges and requests, Counsel consults surveys of rates charged by other Chicago law firms. Such surveys have been relied upon by courts in awarding fees. E.g., FDIC v. Morris, 1992 U.S. Dist. LEXIS 9439 (N.D. Ill., June 29, 1992); Alliance to End Repression v. City of Chicago, 1993 U.S. Dist. LEXIS 1972 (N.D. Ill., Feb. 22, 1993).

I am reasonably confident that the rates are accurate, based on my personal knowledge of large firm rates when I was at Kirkland & Ellis and Reuben & Proctor, my general awareness of rates in the legal community, court awards, negotiations with defendants, and discussions with other attorneys.

The rates we used are also consistent with fee awards by courts in this or other comparable areas for comparable work:

(a)    For example, in Covington v. District of Columbia, 839 F. Supp. 894 (D.D.C., December 13, 1993), Judge Lamberth found, on the basis of court-approved surveys of rates in the Washington, D.C., area, that it was appropriate to award $260 per hour to attorneys with between 11 and 19 years experience for the time period 1992-93. He further found that it was appropriate to have an annual increment of $10 per year or, alternatively, to multiply by 103.4% in accordance with the Consumer Price Index (the result is approximately the same). He also noted that it had been relied upon by six other District Judges in the District of Columbia and the Court of Appeals for the District of Columbia Circuit. Judge Lamberth awarded current rates for all work done in the past, in lieu of making the award at the then-

18

current rate and awarding interest on it.

      (b)    The figures used in the <u>Covington</u> case have been updated each year by the office of the U. S. Attorney for the District of Columbia. The updated figures (through 2003) are available on the Internet site of the U. S Attorney's office ("Laffey Matrix"). <u>Exhibit 2</u>. Rates in the Washington, D.C. area are generally comparable to those in the Chicago metropolitan area.

      (c)    In <u>Alliance to End Repression v. City of Chicago</u>, 1993 U.S.Dist. LEXIS 1972 (N.D.Ill., Feb. 22, 1993), then-Magistrate Judge Gottschall approved rates for experienced litigators in a civil rights case of $225 in 1991 and $250 in 1992.

      (d)    In <u>Lewis v. General Employment Enterprises, Inc.</u>, 1992 U.S.Dist. LEXIS 5464 (N.D.Ill., April 14, 1992), Judge Rovner approved rates for experienced litigators of $195, $200 and $300 for work done in 1991-92, in a case that was "not particularly difficult or risky".

      (e)    In <u>Spicer v. Chicago Board Options Exchange</u>, 844 F.Supp. 1226 (N.D.Ill. 1993), Judge Will found appropriate rates of $275 and $240 to the partners in a small firm with a practice somewhat comparable to our own, $100-120 for junior associates, $140 and $150 for associates with some experience, and $65 and $70 for legal assistants.

      (f)    In <u>Horejs v. Troy Q. Smith</u>, Case No. 02 C 8929 (N.D.Ill. March 30, 2004), an FDCPA case that this firm handled, Judge Gettleman approved rates for $400 per hour for partners, $190-225 per hour for associates (depending on experience), and $100 per hour for paralegals.

19

## IV. TIME AND EXPENSES

### A.     Time

In connection with my work as one on the attorneys for plaintiff in this case, those who worked on this case have kept records of their time. Attached as Exhibit 1, is a statement of the time those in my firm spent on this action.

The usual rates which I and the others in my firm charge occasional fee-paying clients are as follows:

Partners: $425 an hour;

Associates: $190 an hour;

Paralegals: $100-$105 an hour (based upon experience).

As set forth in Exhibit 1, the total hours spent in litigating this matter, including preparation of the motion for fees and costs and this declaration, are 12.6, for a total lodestar of $1,653.00.

In my judgment, the time spent on this case by myself and others in my firm was reasonably necessary for the prosecution of the case.

### B.     Expenses

In connection with the representation of plaintiff and the class, my firm incurred out-of-pocket expenses, for which my firm seeks reimbursement. Attached as Exhibit 3, is an itemization of these expenses, which total $350.32. These expenses were incurred for the benefit of the plaintiff and the class members and, in my judgment, were reasonably necessary for the prosecution of the case and were reasonably incurred in connection with our work on the case. These expenses are consistent with what the private market would bear and are billed with the

same level of detail that paying clients find satisfactory.

THIS DECLARATION IS MADE BY COUNSEL IN HIS PLACE AS AN OFFICER OF
THE COURT.

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, IL 60603
(312) 739-4200
(312) 419-0379 (FAX)

# Exhibit 1

# OXFORD MANAGEMENT V DANIEL SCHULZ

| Case Number | 14528 | **Hourly Billings** | *Prepared Aug 31, 2005* | |
|---|---|---|---|---|
| **Date** | **Task** | | | **Hours** |

**James O. Latturner**      *Partner*      *Hourly Rate = $ 425.00*

| Date | Task | Hours | |
|---|---|---|---|
| May-24-2005 | work on complaint  OK | 0.2 | |
| | | **Total:**    **0.2** | **$ 85.00** |

**Alex Burke**      *Associate*      *Hourly Rate = $ 190.00*

| Date | Task | Hours | |
|---|---|---|---|
| May-02-2005 | draft complaint | 1.1 | |
| May-17-2005 | conf client, approve complaint | 0.2 | |
| Jul-05-2005 | conf DAE re rule 68 offer | 0.2 | |
| Jul-05-2005 | receive Rule 68 letter | 0.1 | |
| Jul-07-2005 | conf Nahoum re Rule 68 offer | 0.2 | |
| Jul-08-2005 | prepare acceptance for Rule 68 offer | 0.2 | |
| Jul-08-2005 | tel conf Darke re: Rule 68 offer | 0.2 | |
| Jul-12-2005 | court time, conf with Darke after court | 1.0 | |
| Jul-19-2005 | review time and cost records, email to Rick Darke | 0.3 | |
| Aug-02-2005 | call darke, leave message as to whether received 7/19 email re fees and costs | 0.1 | |
| Aug-02-2005 | receive email from Darke | 0.1 | |
| Aug-02-2005 | research on Graziano case, read Miller v. Allied Interstate, Berndt v. Fairfield | 0.7 | |
| Aug-02-2005 | review Graziano v. Harrison | 0.3 | |
| Aug-04-2005 | draft email to R. Darke re fees and costs | 0.6 | |
| Aug-04-2005 | receive and review email and objections to our costs and fees from Darke. | 0.6 | |
| Aug-21-2005 | draft letter to client re: declaration | 0.1 | |
| Aug-22-2005 | conf client re: delcaration of one debt | 0.2 | |
| Aug-25-2005 | receive declaration in mail from client, fax to R. Darke. | 0.2 | |
| Aug-30-2005 | send email re fees, receive response | 0.3 | |
| Aug-30-2005 | two emails to oc re fees, one response | 0.3 | |
| Aug-31-2005 | draft motion for fees and costs and prepare declaration of Daniel Edelman | 1.5 | |
| Aug-31-2005 | send email to R. Darke asking for position on fees and costs, receive response: no position yet | 0.2 | |
| | | **Total:**    **8.7** | **$ 1,653.00** |

**Alec Smith**      *Legal Asst*      *Hourly Rate = $ 100.00*

| Date | Task | Hours | |
|---|---|---|---|
| May-25-2004 | prep/file @ Fed Ct comp, lien ltr | 1.1 | |
| May-02-2005 | open file; prep comp | 0.1 | |
| May-24-2005 | prep comp | 0.2 | |
| May-26-2005 | prep/file app of AHB, dock; ml comp to client; research prcss srvr; organize docs/logging/case info | 1.0 | |
| May-27-2005 | mail sum Oxford to be served | 0.2 | |
| Jun-03-2005 | client call re: status of case | 0.1 | |

| Date | Task | | Hours | |
|------|------|--|-------|--|
| Jun-16-2005 | file cert ret rec #9999; dock served/filed sum | | 0.1 | |
| Jun-21-2005 | client call re: status of case | | 0.1 | |
| Jun-30-2005 | conf Angie re: case no., dist | | 0.1 | |
| | | **Total:** | **3.0** | **$ 300.00** |
| **Jason Kunowski** | *Legal Asst* | *Hourly Rate = $ 100.00* | | |
| Jul-15-2005 | Docketing | | 0.1 | |
| | | **Total:** | **0.1** | **$ 10.00** |
| **John Mounce** | *Legal Asst* | *Hourly Rate = $ 100.00* | | |
| Jul-22-2005 | docketing Notice of e-filing (#9a) | | 0.1 | |
| | | **Total:** | **0.1** | **$ 10.00** |
| **Meg Casey** | *Legal Assist* | *Hourly Rate = $ 100.00* | | |
| Jul-21-2005 | dkt ct app status report | | 0.1 | |
| Jul-21-2005 | dkt entry text | | 0.1 | |
| Jul-21-2005 | dkt judgment | | 0.1 | |
| | | **Total:** | **0.3** | **$ 30.00** |
| **Nicholas Allchin** | *Legal Assist* | *Hourly Rate = $ 100.00* | | |
| Jul-11-2005 | File appearance | | 0.1 | |
| Jul-11-2005 | File Rule 68 Offer | | 0.1 | |
| | | **Total:** | **0.2** | **$ 20.00** |
| | | **Grand Total:** | **12.6** | **$ 2,108.00** |

# Exhibit 2



# UNITED STATES ATTORNEY'S OFFICE
## FOR THE DISTRICT OF COLUMBIA

555 4TH STREET, NW
WASHINGTON, DC 20530
(202) 514-7988

HOME

U.S. ATTORNEY

ABOUT US

COMMUNITY PROSECUTION

PROGRAMS FOR YOUTH

VICTIM WITNESS ASSISTANCE

PARTNERSHIPS

PRESS RELEASES

EMPLOYMENT

ESPAÑOL

CONTACT US

LINKS

SITE MAP

## LAFFEY MATRIX 2003 - 2014

Years (Rate for June 1 - May 31, based on prior year's CPI-U)

| Experience | 03-04 | 04-05 | 05-06 | 06-07 | 07-08 | 08-09 | 09-10 | 10-11 | 11-12 | 12-13 | 13-14 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 20+ years | 380 | | | | | | | | | | |
| 11-19 years | 335 | | | | | | | | | | |
| 8-10 years | 270 | | | | | | | | | | |
| 4-7 years | 220 | | | | | | | | | | |
| 1-3 years | 180 | | | | | | | | | | |
| Paralegals & Law Clerk | 105 | | | | | | | | | | |

### Explanatory Notes

1. This matrix of hourly rates for attorneys of varying experience levels and paralegals/law clerks has been prepared by the Civil Division of the United States Attorney's Office for the District of Columbia. The matrix is intended to be used in cases in which a "fee-shifting" statute permits the prevailing party to recover "reasonable" attorney's fees. *See, e.g.*, 42 U.S.C. § 2000e-5(k) (Title VII of the 1964 Civil Rights Act); 5 U.S.C. § 552(a)(4)(E) (Freedom of Information Act); 28 U.S.C. § 2412 (b) (Equal Access to Justice Act). The matrix does not apply in cases in which the hourly rate is limited by statute. See 28 U.S.C. § 2412(d).

2. This matrix is based on the hourly rates allowed by the District Court in *Laffey v. Northwest Airlines, Inc.*, 572 F. Supp. 354 (D.D.C. 1983), *aff'd in part, rev'd in part on other grounds* 746 F.2d 4 (D.C. Cir. 1984), *cert. denied*, 472 U.S. 1021 (1985). It is commonly referred to by attorneys and federal judges in the District of Columbia as the "Laffey Matrix" or the "United States Attorney's Office Matrix." The column headed "Experience" refers to the years following the attorney's graduation from law school. The various "brackets" are intended to correspond to "junior associates" (1-3 years after law school graduation), "senior associates" (4-7 years), "experienced federal litigators" (8-10 and 11-19 years), and "very experienced federal court litigators" (20 years or more). *See Laffey*, 572 F. Supp. at 371.

3. The hourly rates approved by the District Court in *Laffey* were for work done principally in 1981-82. The Matrix begins with those rates. *See Laffey*, 572 F. Supp. at 371 (attorney rates) & 386 n.74 (paralegal and law clerk rate). The rates for subsequent yearly periods were determined by adding the change in the cost of living for the Washington, D.C. area to the applicable rate for the prior year, and then rounding to the nearest multiple of $5 (up if within $3 of the next multiple of $5). The result is subject to adjustment if appropriate to ensure that the relationship between the highest rate and the lower rates remains reasonably constant. Changes in the cost of living are measured by the Consumer Price Index for All Urban Consumers (CPI-U) for Washington-Baltimore, DC-MD-VA-WV, as announced by the Bureau of Labor Statistics for May of each year.

4. Use of an updated *Laffey* Matrix was implicitly endorsed by the Court of Appeals in *Save Our Cumberland Mountains v. Hodel*, 857 F.2d 1516, 1525 (D.C. Cir. 1988) (en banc). The Court of Appeals subsequently stated that parties may rely on the updated *Laffey* Matrix prepared by the United States Attorney's Office as evidence of prevailing market rates for litigation counsel in the Washington, D.C. area. See *Covington v. District of Columbia*, 57 F.3d 1101, 1105 & n. 14, 1109 (D.C. Cir. 1995), *cert. denied*, 516 U.S. 1115 (1996). Lower federal courts in the District of Columbia have used this updated *Laffey* Matrix when determining whether fee awards under fee-shifting statutes are reasonable. *See, e.g., Blackman v. District of Columbia*, 59 F. Supp. 2d 37, 43 (D.D.C. 1999); *Jefferson v. Milvets System Technology, Inc.*, 986 F. Supp. 6, 11 (D.D.C. 1997); *Ralph Hoar & Associates v. Nat'l Highway Transportation Safety Admin.*, 985 F. Supp. 1, 9-10 n.3 (D.D.C. 1997); *Martini v. Fed. Nat'l Mtg Ass'n*, 977 F. Supp. 482, 485 n.2 (D.D.C. 1997); *Park v. Howard University*, 881 F. Supp. 653, 654 (D.D.C. 1995).





# UNITED STATES ATTORNEY'S OFFICE
## FOR THE DISTRICT OF COLUMBIA

555 4TH STREET, NW
WASHINGTON, DC 20530
(202) 514-7566

HOME

U.S. ATTORNEY

ABOUT US

COMMUNITY
PROSECUTION

PROGRAMS
FOR YOUTH

VICTIM WITNESS
ASSISTANCE

PARTNERSHIPS

PRESS RELEASES

EMPLOYMENT

ESPAÑOL

CONTACT US

LINKS

SITE MAP

## LAFFEY MATRIX 1992 - 2003

Years (Rate for June 1 - May 31, based on prior year's CPI-U)

| Experience | 92-93 | 93-94 | 94-95 | 95-96 | 96-97 | 97-98 | 98-99 | 99-00 | 00-01 | 01-02 | 02-03 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 20+ years | 300 | 305 | 310 | 315 | 325 | 330 | 335 | 340 | 350 | 360 | 370 |
| 11-19 years | 265 | 265 | 270 | 275 | 280 | 285 | 290 | 295 | 305 | 315 | 325 |
| 8-10 years | 210 | 215 | 220 | 225 | 230 | 235 | 240 | 245 | 250 | 260 | 265 |
| 4-7 years | 170 | 175 | 180 | 195 | 190 | 195 | 195 | 200 | 205 | 210 | 215 |
| 1-3 years | 130 | 135 | 140 | 145 | 150 | 155 | 155 | 160 | 165 | 170 | 175 |
| Paralegals & Law Clerk | 75 | 75 | 80 | 80 | 80 | 85 | 85 | 90 | 90 | 95 | 100 |

### Explanatory Notes

1. This matrix of hourly rates for attorneys of varying experience levels and paralegals/law clerks has been prepared by the Civil Division of the United States Attorney's Office for the District of Columbia. The matrix is intended to be used in cases in which a "fee-shifting" statute permits the prevailing party to recover "reasonable" attorney's fees. *See, e.g.,* 42 U.S.C. § 2000e-5(k) (Title VII of the 1964 Civil Rights Act); 5 U.S.C. § 552(a)(4)(E) (Freedom of Information Act); 28 U.S.C. § 2412 (b) (Equal Access to Justice Act). The matrix does not apply in cases in which the hourly rate is limited by statute. See 28 U.S.C. § 2412(d).

2. This matrix is based on the hourly rates allowed by the District Court in *Laffey v. Northwest Airlines, Inc.,* 572 F. Supp. 354 (D.D.C. 1983), *aff'd in part, rev'd in part on other grounds,* 746 F.2d 4 (D.C. Cir. 1984), *cert. denied,* 472 U.S. 1021 (1985). It is commonly referred to by attorneys and federal judges in the District of Columbia as the "Laffey Matrix" or the "United States Attorney's Office Matrix." The column headed "Experience" refers to the years following the attorney's graduation from law school. The various "brackets" are intended to correspond to "junior associates" (1-3 years after law school graduation), "senior associates" (4-7 years), "experienced federal court litigators" (8-10 and 11-19 years), and "very experienced federal court litigators" (20 years or more). *See Laffey,* 572 F. Supp. at 371.

3. The hourly rates approved by the District Court in *Laffey* were for work done principally in 1981-82. The Matrix begins with those rates. *See Laffey,* 572 F. Supp. at 371 (attorney rates) & 386 n.74 (paralegal and law clerk rate). The rates for subsequent yearly periods were determined by adding the change in the cost of living for the Washington, D.C. area to the applicable rate for the prior year, and then rounding to the nearest multiple of $5 (up if within $3 of the next multiple of $5). The result is subject to adjustment if appropriate to ensure that the relationship between the highest rate and the lower rates remains reasonably constant. Changes in the cost of living are measured by the Consumer Price Index for All Urban Consumers (CPI-U) for Washington-Baltimore, DC-MD-VA-WV, as announced by the Bureau of Labor Statistics for May of each year.

4. Use of an updated *Laffey* Matrix was implicitly endorsed by the Court of Appeals in *Save Our Cumberland Mountains v. Hodel,* 857 F.2d 1516, 1525 (D.C. Cir. 1988) (en banc). The Court of Appeals subsequently stated that parties may rely on the updated *Laffey* Matrix prepared by the United States Attorney's Office as evidence of prevailing market rates for litigation counsel in the Washington, D.C. area. See *Covington v. District of Columbia,* 57 F.3d 1101, 1105 & n. 14, 1109 (D.C. Cir. 1995), *cert. denied,* 516 U.S. 1115 (1996). Lower federal courts in the District of Columbia have used this updated *Laffey* Matrix when determining whether fee awards under fee-shifting statutes are reasonable. *See, e.g., Blackman v. District of Columbia,* 59 F. Supp. 2d 37, 43 (D.D.C. 1999); *Jefferson v. Milvets System Technology, Inc,* 986 F. Supp. 6, 11 (D.D.C. 1997); *Ralph Hoar & Associates v. Nat'l Highway Transportation Safety Admin,* 985 F. Supp. 1, 9-10 n.3 (D.D.C. 1997); *Martini v. Fed. Nat'l Mtg Ass'n* 977 F. Supp. 482, 485 n.2 (D.D.C. 1997); *Park v. Howard University,* 881 F. Supp. 653, 654 (D.D.C. 1995).



Home | DOJ | EOUSA | DOJ For Kids | Privacy Policy

# Exhibit 3

# OXFORD MANAGEMENT V DANIEL SCHULZ

Case Number 14528                    **Expenses**                    *Prepared*   *Aug 31, 2005*

| Date | Item | Expense |
|------|------|---------|
| May 25, 2005 | Copying | $1.00 |
| May 25, 2005 | Copying | $19.25 |
| May 25, 2005 | Filing fee | $250.00 |
| May 25, 2005 | Postage | $5.29 |
| May 26, 2005 | Copying | $1.50 |
| May 26, 2005 | Copying | $1.25 |
| May 26, 2005 | Copying | $17.25 |
| May 26, 2005 | Copying | $1.50 |
| May 26, 2005 | Postage | $1.29 |
| May 27, 2005 | Copying | $0.50 |
| May 27, 2005 | Postage | $2.12 |
| May 27, 2005 | Serve summons | $40.00 |
| Jul 06, 2005 | Copying | $6.25 |
| Jul 06, 2005 | Postage | $0.37 |
| Jul 13, 2005 | Copying | $0.25 |
| Jul 13, 2005 | Copying | $1.50 |
| Jul 20, 2005 | Copying | $0.50 |
| Jul 20, 2005 | Copying | $0.50 |
| | **Total Expenses:** | **$350.32** |